Edwards, Senior Circuit Judge, concurring:
 

 In opposing Appellants' claim in this case, the Department pressed two arguments:
 

 (1) Declining to prepare a supplemental EIS is not, by itself, a "failure to act" that qualifies as reviewable "final agency action" under § 704 of the APA; and (2) The NEPA regulations do not require the Department to supplement its PEIS in this case. Because we agree with the Department on the second point, the majority has declined to address the first point. I write separately to address the first point. Why? Because the Department's argument raises a very important issue regarding the scope of § 706(1) of the APA, and, in my view, the Department's argument regarding the reach of § 704 is both wrong and mischievous.
 

 Appellants' cause of action in this case rests solely on § 706(1) of the APA, which states that a "reviewing court shall ... compel agency action unlawfully withheld or unreasonably delayed."
 
 5 U.S.C. § 706
 
 (1). Appellants contend that NEPA requires the Secretary to supplement the 1979 PEIS for the Federal Coal Management Program, and that the Department's failure to do so constitutes "agency action unlawfully withheld."
 
 Id
 
 . Appellants ask this court to compel the Secretary to comply with the statute as relief for the Department's "failure to act."
 

 As noted in the opinion for the court, the seminal case on § 706(1) actions is
 
 Norton v. Southern Utah Wilderness Alliance
 
 (
 
 SUWA
 
 ),
 
 542 U.S. 55
 
 ,
 
 124 S.Ct. 2373
 
 ,
 
 159 L.Ed.2d 137
 
 (2004). The District Court correctly explained that "[a] claim under the 'unlawfully withheld' provision of § 706(1) can proceed only if it contends that the 'agency failed to take a discrete agency action that it is required to take.' "
 
 W. Org. of Res. Councils v. Jewell
 
 ,
 
 124 F.Supp.3d 7
 
 , 10 (D.D.C. 2015) (quoting
 
 SUWA
 
 ,
 
 542 U.S. at 64
 
 ,
 
 124 S.Ct. 2373
 
 ). In
 
 SUWA
 
 , the Court also explained how § 706(1) fits into the APA review framework:
 

 The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."
 
 5 U.S.C. § 702
 
 . Where no other statute provides a private right of action, the "agency action" complained of must be "
 
 final
 
 agency action." § 704 (emphasis added). "[A]gency action" is defined in § 551(13) to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof,
 
 or failure to act
 
 ." (Emphasis added.) The APA provides relief for a[n] [agency's] failure to act in § 706(1) : "The reviewing court shall ... compel agency action unlawfully withheld or unreasonably delayed."
 

 SUWA
 
 ,
 
 542 U.S. at 61-62
 
 ,
 
 124 S.Ct. 2373
 
 .
 

 SUWA
 
 's reference to "final agency action" under
 
 5 U.S.C. § 704
 
 is perplexing insofar as it may pertain to actions under § 706(1) for "failure to act." There is a well-recognized two-part test to determine whether an action is a "final agency action" under § 704. "First, the action must mark the 'consummation' of the agency's decisionmaking process-it must not be of a merely tentative or interlocutory nature."
 
 Bennett v. Spear
 
 ,
 
 520 U.S. 154
 
 , 177-78,
 
 117 S.Ct. 1154
 
 ,
 
 137 L.Ed.2d 281
 
 (1997). "And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.' "
 

 Id.
 

 Obviously, this test does not easily accommodate an agency's
 
 failure to act
 
 . If an agency has failed to act with respect to a matter that a complaining party seeks to compel under § 706(1), it is hard to comprehend the contested inaction as "final action" as that term is defined in
 
 Bennett v. Spear
 
 . And, yet, the Court's decision in
 
 SUWA
 
 leaves no doubt that an agency's failure to act may be challenged under § 706(1) if the action is
 discrete and one that the agency is required to take.
 
 See
 

 542 U.S. at 64
 
 ,
 
 124 S.Ct. 2373
 
 .
 

 The lower courts have remained a bit at sea over how to interpret the words in
 
 SUWA
 
 referring to § 704 and § 706(1). Judge Ebel's discussion of this issue in the Tenth Circuit case leading to the Supreme Court's decision in
 
 SUWA
 
 is illuminating:
 

 Courts have implicitly recognized that unlawfully withheld actions are considered final under § 704. Some emphasize, for example, that an agency must carry out nondiscretionary duties required by law, without discussing whether the withheld duty would be considered a final agency action. Courts have sometimes described § 706(1) as an exception to the APA "finality" requirement. This description may be slightly inaccurate, however, for § 704 of the APA defines the type of agency actions subject to judicial review and, in relevant part, limits judicial review to final agency actions.
 
 5 U.S.C. § 704
 
 . Section 706(1), by contrast, defines the "scope" of judicial review over reviewable agency actions.
 

 Id.
 

 § 706.
 

 S. Utah Wilderness All. v. Norton
 
 ,
 
 301 F.3d 1217
 
 , 1229 n.9 (10th Cir. 2002) (citations omitted),
 
 rev'd
 
 ,
 
 542 U.S. 55
 
 ,
 
 124 S.Ct. 2373
 
 ,
 
 159 L.Ed.2d 137
 
 (2004). The Supreme Court's decision in
 
 SUWA
 
 does not directly address the concerns raised by Judge Ebel. Nevertheless, the case law remains clear that a party may pursue a claim under
 
 5 U.S.C. § 706
 
 (1) without satisfying the test of
 
 Bennett v. Spear
 
 .
 
 See, e.g.
 
 ,
 
 Arizona v. Inter Tribal Council of Ariz., Inc
 
 .,
 
 570 U.S. 1
 
 , 19-20, 19 n.10,
 
 133 S.Ct. 2247
 
 ,
 
 186 L.Ed.2d 239
 
 (2013) (noting, without discussion of
 
 Bennett v. Spear
 
 's final agency action requirement, that a litigant "would be free to seek a writ of mandamus" under § 706(1) );
 
 Pub. Citizen Health Research Grp. v. Comm'r, FDA
 
 ,
 
 740 F.2d 21
 
 , 32 (D.C. Cir. 1984) (holding that "the court can undertake review [under § 706(1) ] as though the agency had denied the requested relief and can order an agency to either act or provide a reasoned explanation for its failure to act").
 

 SUWA
 
 says that " § 706(1) empowers a court ... to compel an agency to perform a ministerial or non-discretionary act,
 
 or
 
 to take action upon a matter, without directing [how] it shall act."
 
 542 U.S. at 64
 
 ,
 
 124 S.Ct. 2373
 
 (emphasis added). There is no doubt that
 
 SUWA
 
 means to endorse "failure to act" claims under § 706(1) so long as a complaining party has sufficiently alleged "that an agency failed to take a
 
 discrete
 
 agency action that it is
 
 required to take
 
 ."
 
 Id
 
 . And "legally required" "discrete" actions that have not been performed, as in the context of a § 706(1) claim, cannot satisfy the finality requirements of
 
 Bennett v. Spear
 
 . In opposing Appellants' action in this case, the Secretary seems not to understand this point.
 

 The Secretary argues that "the decision not to prepare a supplemental EIS is not a 'final agency action' as that term is defined in section 704 and is therefore not by itself subject to direct judicial review." Sec'y's Br. 13. However, this is irrelevant to any assessment of the viability of a claim under § 706(1). The Secretary also contends that "[a] completed EIS is ... not, by itself, final agency action that is subject to review, so the failure to complete one is not a 'failure to act' that may be independently reviewed under the APA in the absence of some challenge to a substantive final agency action for which an EIS or supplemental EIS should have been prepared."
 
 Id.
 
 at 14-15 (emphasis removed). This argument finds no support in the language of § 706(1) and it completely distorts the Court's holding in
 
 SUWA
 
 .
 

 In an apparent effort to overcome the obvious frailties in its argument, the Department makes much of the fact that an
 EIS is merely "a
 
 procedural
 
 prerequisite to a decision by the agency to undertake a 'major Federal action.' "
 
 Id
 
 . at 15 (emphasis added). According to the Secretary, "[a]s a procedural prerequisite to some other final agency action, an EIS is not directly reviewable under the APA, but is subject to review on the review of the final agency action."
 
 Id
 
 . at 16.
 

 The fact that the preparation of an EIS may be a "procedural" matter is irrelevant to whether Appellants have raised a viable claim under § 706(1). The Secretary seems not to comprehend that "procedural rights" claims may be viable without regard to whether they result in any enforceable substantive rights.
 

 The Supreme Court's discussion of standing to vindicate "procedural rights" reinforces this point. In
 
 Lujan v. Defenders of Wildlife
 
 ,
 
 504 U.S. 555
 
 ,
 
 112 S.Ct. 2130
 
 ,
 
 119 L.Ed.2d 351
 
 (1992), the Court offered the following example:
 

 [U]nder our case law, one living adjacent to the site for proposed construction of a federally licensed dam has standing to challenge the licensing agency's failure to prepare an environmental impact statement, even though he cannot establish with any certainty that the statement will cause the license to be withheld or altered, and even though the dam will not be completed for many years.
 

 Id
 
 . at 572 n.7,
 
 112 S.Ct. 2130
 
 .
 
 Lujan
 
 did not address the scope of § 706(1) review, but the Court's discussion is instructive. As that decision suggests, the right to challenge an agency's failure to act in preparing an EIS is not diminished by the fact that such a suit protects merely a plaintiff's "procedural right" to have the EIS issued, rather than any "substantive right" regarding the action the agency will ultimately take.
 

 In any event, I find no merit in the Secretary's attempt to limit the scope of judicial review under § 706(1). In assessing claims under § 706(1) -even in cases in which the claimants have lost-this court has never followed the approach the Secretary suggests in this case.
 
 See, e.g.
 
 ,
 
 Anglers Conservation Network v. Pritzker
 
 ,
 
 809 F.3d 664
 
 , 670-72 (D.C. Cir. 2016) (analyzing the scope of § 706(1) without regard to the test of "final agency action" under § 704 );
 
 El Paso Nat. Gas Co. v. United States
 
 ,
 
 750 F.3d 863
 
 , 890 (D.C. Cir. 2014) (explaining that claims under § 706(1) are viable when the allegedly withheld action is (1) "legally required" and (2) "discrete"). Our decision in
 
 Public Citizen v. Office of U.S. Trade Representatives
 
 ,
 
 970 F.2d 916
 
 (D.C. Cir. 1992), on which the Secretary purports to rely, is inapposite because it says nothing about the scope of § 706(1).
 

 The Secretary's position is flawed because it conflates the question regarding the scope of § 706(1) with the question relating to the merits of Appellants' "failure to act" claim. The Secretary's line of reasoning finds no support in
 
 SUWA
 
 or in other decisions that have addressed the scope of § 706(1).